UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN ANDERSON, | : |
| Plaintiff | : CIVIL ACTION NO. 3:18-2238 |
| v. | : |
| ANDREW M. SAUL[1], Commissioner of Social Security, | : (JUDGE MANNION) |
| Defendant | : |

## **MEMORANDUM**

Pending before the court is the September 10, 2019 report and recommendation of Judge Schwab, (Doc. 23), recommending that the court vacate the final decision of the Commissioner of Social Security which denied the plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, ("Act"), and remand the case for rehearing before a different, constitutionally appointed Administrative Law Judge ("ALJ"). 42 U.S.C. §§401-433, 1381-1383f. One of the claims that plaintiff raised, based on Lucia v. Securities and Exchange Commission, 138 S. Ct. 2044 (2018), was that the ALJ (ALJ Wolfe) who decided his case was not appointed in compliance with the Appointments Clause of the U.S. Constitution. U.S. CONST. art. II, §2, cl. 2. Plaintiff requests the court to remand his case to an ALJ properly appointed under the Constitution for a new hearing. The

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. See Fed.R.Civ.P. 25(d).

Commissioner filed objections to Judge Schwab's report. (Doc. 24). The Commissioner argues that plaintiff waived this claim because he did not raise it during the administrative proceedings.

Pursuant to a joint stipulation of the parties, the court stayed this case pending the Third Circuit's decision in Cirko v. Comm'r of Soc. Sec. and Bizarre v. Comm'r of Soc. Sec., — F.3d —, 2020 WL 370832 (3d Cir. Jan. 23, 2020). (Doc. 26).

After careful review and following the Third Circuit decision on January 23, 2020 in Cirko v. Comm'r of Soc. Sec. and Bizarre v. Comm'r of Soc. Sec., — F.3d —, 2020 WL 370832 (3d Cir. Jan. 23, 2020), and for the reasons discussed below, the court finds that the ALJ was improperly appointed under the Constitution and plaintiff did not forfeit his Appointments Clause claim. Therefore, Judge Schwab's report will be **ADOPTED** and the Commissioner's decision will be **VACATED**. Plaintiff's appeal will also be **GRANTED**, and this case will be **REMANDED** to the Commissioner for a new hearing.

## I. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the

extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II. DISCUSSION[2]

Judge Schwab's report only addressed the plaintiff's claim that ALJ Wolfe was not properly appointed under the Appointments Clause and the Commissioner's contention that plaintiff forfeited this claim by not raising it during the administrative proceedings.

Recently, in Simmons on behalf of A.B. v. Saul, 2020 WL 470304, *2

---

[2]Plaintiff is represented by counsel in this case. The court notes that since Judge Schwab stated the full procedural history of this case in her report and since plaintiff did not object to it, the court will not repeat it herein.

3

(E.D.Pa. Jan. 29, 2020), the court explained:

> Because neither the Supreme Court nor the Third Circuit had addressed whether the Lucia decision was applicable to Social Security ALJs, courts within this Circuit were divided on this issue. The Third Circuit recently held, however, that Social Security disability claimants may raise Appointments Clause challenges in federal court without having exhausted those claims before the Agency. The Court remanded the cases for hearings before constitutionally appointed ALJs other than those who presided over the claimants' first hearings. See Cirko v. Comm'r of Soc. Sec. and Bizarre v. Comm'r of Soc. Sec., — F.3d —, 2020 WL 370832 (3d Cir. Jan. 23, 2020).

The court in Simmons, id. at n. 2, also noted that the Third Circuit "limited its decision to issue exhaustion of Appointments Clause challenges." (citing Cirko v. Comm'r of Soc. Sec. and Bizarre v. Comm'r of Soc. Sec., —— F.3d ——, 2020 WL 370832, at *1 n.3 (3d Cir. Jan. 23, 2020)).

Thus, plaintiff can raise his Appointments Clause challenge despite not exhausting this claim at the administrative level. See id.

In light of Cirko and Bizarre, "[t]he remedy for an Appointments Clause violation is a new hearing before a properly appointed ALJ other than the ALJ who decided Plaintiff's case." Id. As such, "Plaintiff[] [Anderson's] case will be remanded for assignment to a different, constitutionally appointed ALJ other than ALJ [Wolfe] to hold a new hearing and issue a Decision as to Plaintiff's claim for [DIB] benefits."[3] Id. See also Dombrowski v. Saul, 2020 WL 509157 (E.D.Pa. Jan. 30, 2020).

---

[3]There is no dispute that ALJ Wolfe was an officer under the Appointments Clause, however, she was not a constitutionally appointed ALJ.

4

## III. CONCLUSION

Based on the foregoing, the **STAY** issued in this case, (Doc. 26), is **LIFTED**. Judge Schwab's report and recommendation, (Doc. 23), is **ADOPTED**, and the Commissioner's objections, (Doc. 24), are **OVERRULED**. Further, plaintiff's appeal, (Doc. 1), is **GRANTED** and, the Commissioner's decision denying his application for DIB is **VACATED**. This case is **REMANDED** to the Commissioner for a new hearing before a constitutionally appointed ALJ, other than ALJ Wolfe. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 18, 2020**
18-2238-01.wpd